## Masseth's Estate.

*Wills—Probate—Issue devisavit vel non—Testamentary capacity.*

On a petition for an issue devisavit vel non it appeared that the will in dispute contained seventeen clauses giving legacies and bequests of money and specific articles of personal and household use to nineteen different persons.  According to the testimony of the counsel who drew the will testatrix dictated all these items to him from memory and without suggestion from others.  The will was not read over to testatrix at the time she signed it.  The attorney who drew the will testified that he wrote it according to her instructions, and that his omission to read it to her was by her own command.  There was testimony as to delusions on the part of the testatrix, but it appeared that these arose from her habit of taking narcotics for the relief of pain.  It appeared, however, that these delusions were not continuous, and did not affect the testamentary act.  *Held*, that the court committed no error in refusing an issue.

The fact that a will is not read over to testator at the time of its execution is only material, when there is doubt whether the will correctly expresses the testator's intent.

Argued Oct. 19, 1905.  Appeal, No. 69, Oct. T., 1905, by Margaret F. Campbell, from decree of O. C. Butler Co., refusing an issue devisavit vel non in Estate of Araminta Masseth. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Petition for an issue devisavit vel non.  Before GALBREATH, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree refusing an issue.

*Thomas H. Greer*, with him *W. S. Thomas*, *John M. Greer* and *John B. Greer*, for appellants.

*W. H. Lusk* and *T. C. Campbell*, for appellees, were not heard.

PER CURIAM, November 4, 1905 :

The will of testatrix bears strong intrinsic evidence of her possession of a sound memory as to her possessions, and a clear view of what she wanted to do with them. There are seventeen clauses giving legacies and bequests of money and specific articles of personal and household use to nineteen different persons, and according to the testimony of the counsel who drew the will she dictated all these items to him from memory and without suggestion from others. It would require very clear evidence of want of testamentary capacity to overcome this prima facie case, and no such evidence was presented : Kane's Estate, 206 Pa. 204.

There was testimony to delusions on the part of the testatrix, but they were fairly accounted for by her habit of taking narcotics for the relief of pain. The learned judge below found that they were not continuous and did not affect her mind as to matters involved in the making of her will. He therefore rightly held that they should be disregarded : Shreiner v. Shreiner, 178 Pa. 57.

The fact that the will was not read over to her at the time she signed it is not material. Such fact only becomes important when there is doubt whether the will correctly expresses the testator's intent : Hess's Appeal, 43 Pa. 73. In the present case there is nothing to raise such doubt. The attorney who wrote the will testified that he wrote it according to her instructions, and that his omission to read it to her was by her own command.

Decree affirmed at costs of appellant.